IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH EUGENE DAVIS,** : | |
| : | |
| **Plaintiff,** : | **CIVIL NO. 3:CV-05-2558** |
| : | |
| v. : | **(Judge Caputo)** |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** *et al.*, : | |
| : | |
| **Defendants.** : | |

# M E M O R A N D U M

## I.   Introduction.

Plaintiff, Joseph Eugene Davis, an inmate at the State Correctional Institution at Frackville ("SCI-Frackville"), Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff contemporaneously filed an application to proceed *in forma pauperis* (Doc. 2).  Named as Defendants are the Commonwealth of Pennsylvania, the Pennsylvania Department of Corrections ("DOC"), and SCI-Frackville Superintendent Robert S. Shannon.

Plaintiff claims that on February 10, 2005, he fell and injured himself while he was trying to climb to the floor of his cell from the top bunk.  He claims that he fell because he had no ladder, hand rail or safety rail.  He seeks monetary damages as well as installation of adequate ladders "so that no one els[e] will be hurt."  (Doc. 1 at 3.)  For the following reasons, the complaint will be dismissed.

## II.   Discussion

The Prison Litigation Reform Act ("PLRA"), established new obligations for prisoners who file civil rights actions in federal court, and wish to proceed *in forma pauperis*.  Section

1915A of the Act requires courts to screen complaints in civil actions in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity, and ". . . dismiss the complaint . . . if the complaint --- (1) is frivolous . . . or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) and (2). Plaintiff's complaint fails on several grounds.

To the extent Plaintiff seeks monetary damages from the Commonwealth of Pennsylvania, the DOC, or Shannon in his official capacity, the United States Supreme Court has ruled that a § 1983 action brought against a State and its agencies is barred by the Eleventh Amendment "unless [the State] has consented to the filing of such a suit." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court. The Court noted that a § 1983 suit against a state official's office was "no different from a suit against the State itself." *Id.* at 71. "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

After *Will*, the United States Court of Appeals for the Third Circuit held that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider: (1) whether the state would be responsible for the payment of any judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy enjoyed by the agency, as well as other similar factors. *Bolden v.*

Case 3:05-cv-02558-ARC-KH   Document 13   Filed 02/09/06   Page 3 of 6

*Southeastern Pennsylvania Transp. Auth.*, 953 F.2d 807, 818 (3d Cir. 1991).

In this case, payment of any judgment rendered against Defendants would have to be paid out of the Pennsylvania state treasury. Furthermore, the DOC (and its facility at Frackville) receives all of its funding from the state and does not enjoy any measure of autonomy. Thus, under *Will* and *Bolden*, the Commonwealth, the DOC, and the Superintendent at SCI-Frackville in his official capacity are not "persons" for the purpose of § 1983 and, therefore, not properly named defendants.

To the extent that Plaintiff seeks relief from Defendants other than monetary damages or release, his case will be dismissed as frivolous under § 1915A(b)(1). This section applies equally to cases that are *factually* frivolous and those that are *legally* frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). An action is *legally* frivolous if it is based upon an indisputably meritless legal theory, and may be dismissed under § 1915(e)(2)(B)(i). *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which it is . . . readily apparent that the plaintiff's complaint lacks an arguable basis in law . . . ." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990). "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In order to state a viable § 1983 claim, a Plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a "person" acting under color of state law, and 2) that said conduct deprived the Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988);

3

*Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

As previously noted, the Commonwealth and its agencies are not "persons" for the purpose of sustaining a § 1983 action.  Moreover, Plaintiff has not alleged any conduct on the part of Defendants that has deprived him of any right, privilege, or immunity secured by the Constitution or the laws of the United States.  Arguably, the Constitutional issue implicated in this case is the Eighth Amendment requirement that prison officials make reasonable efforts to assure prisoner health and safety.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  That duty is violated when prison officials know of and disregard an excessive risk to inmate health or safety.  Id. at 837.  However, in *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that a constitutional violation does not occur unless the Plaintiff can show Defendants had a "deliberate indifference" to the prisoner's needs which constitutes "unnecessary and wanton infliction of pain."  *Id.* at 104 (citation omitted). Plaintiff has not alleged any knowledge or involvement on the part of Defendants, and he has not set forth the requisite elements of a § 1983 action.

Moreover, to the extent that Plaintiff is seeking relief from Superintendent Shannon, the claim is filed against Shannon in his supervisory capacity.  Plaintiff claims that "Shannon is the Superintendent and is responsible for seeing to it that the cells are furnished with safe and reliable fixtures . . . ."  (Doc. 1 at 2.)  Although Plaintiff infers that Shannon is liable in a supervisory capacity, there is nothing in the complaint to implicate Shannon in any acts of deliberate indifference to Plaintiff.  It is well-established that "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondent superior."  *Rode v.*

4

*Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988).  The personal involvement requirement can be satisfied by a showing of "personal direction or of actual knowledge and acquiescence."  *Id.*; *Pansy v. Preate*, 870 F. Supp. 612, 630 (M.D. Pa. 1994).  The Court is mindful that *pro se* parties are accorded substantial deference and liberality in federal court.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980).  However, the most liberal and accommodating construction of Plaintiff's complaint will not redeem the document, and the complaint will be dismissed.  An appropriate Order follows.

                                              /s/ A. Richard Caputo
                                              A. RICHARD CAPUTO
                                              United States District Judge

Dated: February 9, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH EUGENE DAVIS,** : | |
| : | |
| Plaintiff, : | CIVIL NO. 3:CV-05-2558 |
| : | |
| v. : | (Judge Caputo) |
| : | |
| **COMMONWEALTH OF** : | |
| **PENNSYLVANIA,** *et al.*, : | |
| : | |
| Defendants. : | |

# O R D E R

**AND NOW, THIS 9th DAY OF FEBRUARY, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's applications for leave to proceed *in forma pauperis* (Docs. 2 and 7) are construed as motions to proceed without prepayment of fees and costs, and the motions are **GRANTED** for the limited purpose of filing this action.

2. Plaintiff's complaint (Doc. 1) is **DISMISSED**, as legally frivolous, and as seeking monetary damages from defendants who are immune from such relief, pursuant to 28 U.S.C. § 1915A(b)(1) and (2).

3. The Clerk of Court is directed to close this case.

4. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                              /s/ A. Richard Caputo
                                              A. RICHARD CAPUTO
                                              United States District Judge